EZRA O. McDOWELL. RESPONDENT, v. HEMMING MANU-
FACTURING COMPANY, APPELLANT.

*Argued June 22, 1917—Decided November 19, 1917.*

1. In an action to recover damages for the breach of the defendant's
   contract to manufacture for the plaintiff certain insulating joints
   "in accordance with the underwriters' laboratory standard speci-
   fications," and providing that the plaintiff should furnish "the
   metal parts and underwriters' labels," the plaintiff could not be
   nonsuited upon the ground that he failed to obtain the under-
   writers' approval, when the evidence showed that in fact he had
   their permission to use their label service, and had purchased
   the labels and delivered them to the defendant, and that no fur-
   ther approval was needed except to have the manufactured joints
   conform to the samples upon which the authorization of the label
   service had been based.
2. A contract is discharged when new terms are agreed upon and a
   new contract results consisting of the new contract and of the
   terms of the old contract which are consistent with them.

On appeal from the Supreme Court.

For the appellant, *Robert Appleton.*

For the respondent, *Pilney, Hardin & Skinner* (*Alfred F. Skinner* and *J. Howard Conover* on the brief).

The opinion of the court was delivered by

TRENCHARD, J.   The defendant below agreed to manufacture for the plaintiff certain insulating joints "in accordance with the Underwriters' Laboratory standard specifications," the plaintiff to furnish the metal parts and underwriters' labels.

The plaintiff brought this action to recover damages for the breach of that contract, and recovered a judgment from which the defendant appeals.

We are of the opinion that the judgment must be affirmed.

The defendant first says that there should have been a nonsuit because, as it contends, there was no evidence of default on its part.

That contention is not well founded in fact, since the evidence shows that the joints were not manufactured as required by the contract.   The defendant, however, further says that the underwriters' approval had not been obtained, and apparently argues that this in law excused the non-performance of its contract.

But this contention also is not well founded in fact.   The approval had been obtained by the plaintiff, label service had been authorized, and labels had been purchased by him and delivered to the defendant.   No further approval was needed except to have the manufactured joints conform to the samples upon which the authorization of label service had been based, and this was the duty of the defendant.

The defendant also argues that the evidence conclusively shows "that the plaintiff himself was in part responsible for the default in that he was furnishing metal parts which were not satisfactory," and this contention likewise is ill-founded in fact.

We conclude, therefore, that the motion to nonsuit was rightly denied.

The last point argued by the defendant is " that the trial judge erred in permitting the plaintiff to prove orders for joints placed by the plaintiff with the defendant, which did not comply with the terms of the contract."

True, the original contract provided for the manufacture of joints for the plaintiff "as and when he may call for the same, but at no time shall an order be for less quantity than twenty-five thousand joints."

But later, after the defendant had defaulted, the plaintiff, at the defendant's request and for its benefit, agreed to obtain, in whole or in part, and so far as possible, the cancellation of orders already placed, and the defendant agreed to manufacture the remaining orders.

It appears, therefore, that the old contract was discharged when such new terms were agreed upon, and a new contract resulted consisting of the new terms and of the terms of the old contract which are consistent with them.

In such case, of course, it was competent for the plaintiff, as a basis for his recovery, to prove the amount of the several orders as they stood after having been reduced pursuant to the substituted contract.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ.   11.

*For reversal*—None.